**E-FILED**
Wednesday, 22 January, 2014  03:50:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD LEVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3402 |
| | ) | |
| JAMES CHRISTOPHER CLAYTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid.  28 U.S.C.
§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in
forma pauperis only if the complaint states a federal claim.  A
hearing was scheduled to assist in this review, but the hearing will
be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual
allegations as true, liberally construing them in Plaintiff's favor.
Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir.
2013).  However, conclusory statements and labels are insufficient.
Enough facts must be provided to "'state a claim for relief that is
plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th
Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he was violently assaulted by his
roommate in January 2013.  According to Plaintiff, everyone knew
that the roommate had planned to assault Plaintiff as soon as the
opportunity presented itself, but no one took steps to protect
Plaintiff.

Plaintiff wanted to contact the Illinois State Police about the
assault so that the Illinois State Police could investigate and press
charges.  Defendants Kunkel and Clayton allegedly prevented

Plaintiff from calling the Illinois State Police.  They also allegedly arranged for someone to impersonate an Illinois State Police Officer and interview Plaintiff in order to lull Plaintiff into believing that the assault was being investigated.  Plaintiff wrote letters to the Illinois State Police and the Federal Bureau of Investigations about these incidents, but both agencies declined to take action.

Allegedly in retaliation for Plaintiff's grievances, letters, and reports about the assault, Defendants Kunkel, Clayton, Brown, and the Schuyler County State's Attorney Escapa conspired to file false criminal charges against Plaintiff for distributing controlled substances.  State's Attorney Escapa allegedly knowingly presented perjured statements in order to pursue the false charges against Plaintiff.  The charges were eventually dismissed.  Defendants Kunkel and Clayton also allegedly engineered Plaintiff's placement on restricted privileges and movement in the facility, also in retaliation for Plaintiff's complaints.

Plaintiff states an arguable claim for the failure to protect him from an assault.  Plaintiff does not state which Defendants bear personal responsibility for this failure, but, at this point, the failure

to protect claim will proceed against Defendants Kunkel and Clayton, who worked in security.

Plaintiff also states a plausible claim against Defendants Kunkel, Clayton, Brown and Escapa for retaliating against Plaintiff for his complaints, letters, and grievances about the assault.  A state law supplemental claim for malicious prosecution is also stated against these Defendants.  Defendant Escapa may be protected by prosecutorial immunity on these claims, but that determination is premature.  *See* Whitlock v. Brueggemann, 682 F.3d 567, 581 (7th Cir. 2012)(prosecutor is not immune from claim that prosecutor fabricated evidence during the investigatory phase).

Plaintiff also alleges that Dr. Lochard delayed treating Plaintiff's broken wrist for months and failed to remove Plaintiff's cast in a timely manner.  At this point, the Court cannot rule out a claim against Dr. Lochard for deliberate indifference to Plaintiff's serious medical needs.

**IT IS ORDERED:**

1.    Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following constitutional claims:

   a.  Against Defendants Kunkel and Clayton:  failure to protect Plaintiff from a substantial risk of serious assault from Plaintiff's roommate;

   b.  Against Defendants Kunkel, Clayton, Brown, and Escapa: retaliation against Plaintiff for Plaintiff's grievances, complaints, and letters about the assault.  A state law supplemental claim for malicious prosecution is also stated against these Defendants.

   c.  Against Defendant Lochard:  deliberate indifference to Plaintiff's serious medical need for treatment of his injury.

This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.    The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is

not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:  1) Plaintiff's petition to proceed in forma pauperis is granted; 2) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures and to assess a partial filing fee.**

ENTERED:   January 22, 2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE